# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY K. JOHNSON,<br><br>    Plaintiffs,<br><br>v.<br><br>WAGONER COUNTY, *et.al.*,<br><br>    Defendant. | Case No. 19-CIV-373-RAW |

**OPINION AND ORDER**

Before the court are the Plaintiff's Complaint [Docket No. 2] and Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* & Supporting Affidavit [Docket No. 3].

Plaintiff's Motion to Proceed *In Forma Pauperis* indicates that she is unemployed and unmarried. She owns no real property and no vehicle and has no money in the bank. She received $1,242.10 gross per month from Social Security Administration and has monthly debt obligations. Plaintiff's Motion to Proceed *In Forma Pauperis* is GRANTED.

Plaintiffs are proceeding *pro se* in this matter. The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Complaint**

Plaintiff filed her Complaint against the Defendants, stating as follows:

> Re-submission after dismissal without prejudice Order (CIV-19-244-TDD)…All of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, listed within this complaint,

> Co-joined in the violation of a "protected class" U.S. Citizen's rights under the 14th Amendment, "due process" did willfully participate in other acts and violations…

Plaintiff alleges in her Complaint discrimination and deprivation of rights; however, she cites no specific allegations nor requests any discernible relief from the court. The essence of Plaintiff's claims seems to revolve around certain outstanding warrants issued against her in Wagoner County based allegedly upon her failure to pay traffic tickets in 1994 of which she became aware as a result of a traffic stop. Plaintiff asserts she paid one ticket and any others are a mistake or fraudulent. She also complains of denial of employment by The Key Group in 2019 because of the appearance of the warrants on a background check provided by National Background Reporting. Plaintiff claims the same information appears in state court records provided by Kellpro, Inc.

In the Complaint, Plaintiff cites numerous state and federal statutes, procedural rules and constitutional provisions, as well as common law theories of tort liability against the following Defendants:

1. Wagoner County, et. al.;
2. Michael or Timothy Keller, Defendant(s), Michael Keller (founder) & Timothy Keller, President Kellpro, Inc., 1992 to present;
3. Patricia Oertle-Phaneuf, Defendant – President – D.B.A./The Key Group, Inc.…;
4. Martin A. Vaughn, Incorporator/Estate or Agent D.B.A. National Background Reporting and/or Fiscal Administrator for National Background Reporting…

## 28 U.S.C. § 1915

Plaintiff's arguments are quite similar to what the Tenth Circuit has rejected as "hackneyed tax protester refrain." *United States v. Chisum*, 502 F.3d 1237, (10th Cir. 2007).

Further, Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

The court reviews the filings presented by Plaintiff pursuant to Section 1915 of the United States Code, Title 28, which states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" *Id.* (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction. . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## Conclusion

In this case, the countless claims and circumlocution employed by Plaintiff in expressing her allegations, along with her method of designating defendants leaves one mystified in attempting to sort out what she is asserting and against whom, as well as the relief she is seeking and the basis for the court's jurisdiction. The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is GRANTED.

2. Plaintiff's action is found to be frivolous and fails to state a claim upon which relief can be granted and the matter is therefore dismissed without prejudice.

Dated this 18th day of November, 2019.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**